**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | Case No. 07-50692 |
| Gary Camus, d/b/a American Stonework, LLC, f/d/b/a Camus Enterprises, and Leslie Camus, | : | |
| | : | |
| Debtors. | : | |

| | | |
|---|---|---|
| Scott Ross, | : | Adv. Proc. No. 08-05006 |
| Plaintiff | : | |
| v. | : | |
| Gary Camus, d/b/a American Stonework, LLC, f/d/b/a Camus Enterprises, and Leslie Camus, | : | |
| Defendants | : | |

| | | |
|---|---|---|
| Lambert & Barr, LLC, | : | Adv. Proc. No. 08-05007 |
| Plaintiff | : | |
| v. | : | |
| Gary Camus, d/b/a American Stonework, LLC, f/d/b/a Camus Enterprises, and Leslie Camus, | : | |
| Defendants | : | |

APPEARANCES:

| | |
|---|---|
| Jennifer H. Collins, Esq.<br>Guendelsberger & Taylor<br>28 Park Lane Road<br>New Milford, CT 06776 | Attorney for Plaintiffs Scott Ross<br>and Lambert & Barr, LLC |

| | |
|---|---|
| James M. Nugent, Esq.<br>Harlow, Adams, and Friedman<br>300 Bic Drive<br>Milford, CT 06460 | Attorney for Defendants Gary Camus, d/b/a American Stonework, LLC, f/d/b/a Camus Enterprises, and Leslie Camus |

# MEMORANDUM AND ORDER ON MOTIONS
# TO DISMISS ADVERSARY PROCEEDINGS

Alan H. W. Shiff, United States Bankruptcy Judge

Debtor - defendants Gary and Leslie Camus have filed motions[1] under Rule 7012(b) F. R. Bankr. P., to dismiss these adversary proceedings because they were filed after the time limitation imposed by Rule 4007(c) F. R. Bankr. P. ("Rule 4007(c)").

## BACKGROUND

On November 12, 2007, the defendants commenced this chapter 7 case. The first date set for the meeting of creditors, *see* 11 U.S.C. § 341(a), was December 19, 2007 ("creditors' meeting"). Rule 4007(c) requires that these adversary proceedings had to be filed no later than February 19, 2008, i.e., 60 days after the creditors' meeting. *See* Rule 9006(a) F. R. Bankr. P.[2] They were filed on February 20, 2008.

On March 19, 2008, the defendants filed the instant motion to dismiss under Rule 7012(b) F. R. Bankr. P. (made applicable by Rule 12(b) F. R. Civ. P.).[3] During the April 8,

---

[1] The defendants filed a motion to dismiss in each of these adversary proceedings. Because the text of both are identical, the court will refer to the motions collectively in the singular form.

[2] The 60th day after the creditors' meeting was Sunday, February 17th. Monday, February 18th was Presidents' Day. Therefore, under Rule 9006(a), Tuesday, February 19th was the Rule 4007(c) bar date for filing these adversary proceedings.

[3] The defendants' motion does not state a specific subsection of Rule 12(b). The court construes it as a motion to dismiss under subsection 12(b)(6) for failure to state a

2008 hearing, the plaintiffs asserted an equitable basis for relief from the time limitation of Rule 4007(c). *See infra* at 4. Therefore, the court will construe the motion "as one for summary judgment under Rule 56 [F.R.Civ.P.]" (made applicable by Rule 7056 F. R. Bankr. P.). *See* Rule 7012(d) F. R. Bankr. P.

## DISCUSSION

A summary judgment will enter "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Globecon Group L.L.C. v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006); Rule 56(c) F. R. Civ. P. The party moving for summary judgment bears the burden of proving that no genuine issues of material fact exist and that the undisputed facts establish that party's right to judgment as a matter of law. *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). The court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The plaintiffs do not dispute that these adversary proceedings were not timely filed. If that fact stood alone, the imposition of summary judgment would be warranted. But it does not. The time limitation imposed by Rule 4007(c) is not jurisdictional. Rather, the rule is comparable to a statute of limitations and therefore subject to the equitable defenses. *European American Bank v. Benedict, (In re Benedict),* 90 F.3d 50, 54 (2d Cir. 1996).

Equitable tolling permits courts to extend a limitations period on a case-by-case basis to prevent inequity, even when such period would otherwise have expired. *E.g., United States v. All Funds Distributed to, or on Behalf of, Edward Weiss, et al.*, 345 F.3d 49, 54 (2d Cir. 2003). The plaintiffs' objections claim that additional material facts,

---

claim on which relief can be granted because the complaints were not filed within the 60-day period provided by Rule 4007(c) Fed. R. Bankr. P., *supra* at 2.

premised on equitable doctrines, block the consequences of Rule 4007(c)'s time bar. The issue here is not whether equitable tolling will succeed at trial to overcome a Rule 4007(c) affirmative defense, but rather whether the assertion of equitable tolling in the context of this motion raises a material fact which, if read in the light most favorable to the plaintiffs, will defeat the defendants' motion for summary judgment. The record shows that it does.

At the April 8, 2008 hearing, plaintiffs' counsel stated that she called the clerk's office on February 19th to ascertain what time she had to arrive in order to file these adversary proceedings. She was told the office would close at 4:30 p.m. Counsel arrived at the clerk's office at 4:02 p.m. The door was locked, but the lights were on and people were in the office. She knocked on the door. No one responded, so counsel slid the complaints under the door. The clerk's office stamped the complaints as filed on the next day, February 20, 2008.

The defendants did not dispute the plaintiffs' statement but argued instead that those claims were not an excuse because the plaintiffs waited until the last minute to file the adversary proceedings. The flaw in that logic is that the last minute is available for a timely filing. Moreover, the filing of the complaints would have been timely had the plaintiffs' counsel not been given the wrong information by a source she had a right to rely upon. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (stating that equitable tolling applies when the party in question has acted with reasonable diligence and extraordinary circumstances exist) (citation omitted). This is not a situation where, for example, weather or traffic delayed the plaintiffs' attorney so that she did not reach the clerk's office within the time she was told she could file the complaints. Instead, her attempt to file the complaints was thwarted by an unrelated third-party's misstatement.

## CONCLUSION

      For the foregoing reasons, the defendants' motions are DENIED, and IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 29th day of April, 2008.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge